```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

RICKY LEE LOUCK,                )
                                )
        Plaintiff               )
                                )       No. 3:14-1385
v.                              )       Judge Campbell/Brown
                                )
SOCIAL SECURITY ADMINISTRATION, )
                                )
        Defendant               )
```

**TO:   THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the pending motion to dismiss (Docket Entry 12) be granted and this case dismissed as being filed outside the time allowed for seeking review.

### BACKGROUND

The Plaintiff, acting *pro se*, filed his complaint on June 27, 2014, for a review of the Social Security Administration's (the SSA) denial of benefits (Docket Entry 1). The complaint was signed by the Plaintiff on June 24, 2014. The Plaintiff mailed the complaint to the Clerk's office by priority express mail on June 26, 2014, for delivery by 10:30 a.m. on the next day. The Plaintiff submitted, along with his complaint, a filing fee in the amount of $500. The Clerk received the complaint and docketed it on June 27, 2014. The Clerk's office (Docket Entry 4) returned the filing fee and requested that he submit the correct fee of $400. The Plaintiff submitted the $400 filing fee on July 15, 2014 (Docket Entry 6).

Unfortunately, the Plaintiff did not obtain service of process, and on November 12, 2014 (Docket Entry 7) the Magistrate Judge pointed out the Plaintiff's problem with service of process and granted him an extension until December 8, 2014, to obtain service of process in accordance with Federal Rule of Civil Procedure 4(m).

Service of process was obtained and on January 16, 2015, the SSA filed a motion to dismiss (Docket Entry 12), supported by a memorandum of law (Docket Entry 13), and an affidavit (Docket Entry 14), arguing that the Plaintiff's complaint was untimely.

The SSA's motion to dismiss is simply that under 42 U.S.C. § 405(g) the Plaintiff did not timely file his complaint. The case's administration record (Docket Entry 14) shows that on September 24, 2013, an adverse decision on the Plaintiff's claim was rendered by the Administrative Law Judge, and a copy mailed to the Plaintiff. The Plaintiff requested a review of this decision. On April 22, 2014, the Appeals Council sent by mail addressed to the Plaintiff in Clarksville, Tennessee, with a copy to his nonattorney representative a notice of the Council's adverse action and of his rights to request a review by commencing a civil action within 60 days from the date of receipt. The Magistrate Judge notes that the address used by the SSA is the same address the Plaintiff used in mailing his complaint to the Clerk's office.

The affidavit (Docket Entry 14) further states that the Commissioner has no record of any request for an extension of time

2

to file a civil action. Docket Entry 14-2 is a notice of the appeals' counsel's action denying his request for review, dated April 22, 2014. The letter explains the procedure the Plaintiff should follow should he wish to seek a review of the administrative law judge's decision by filing a civil action. The notice clearly states that the 60 days start the day after the letter is received, and they will assume that the Plaintiff received the letter five days after the date on it, unless he shows that he did not receive it within the five-day period. It further advises that if the Plaintiff cannot file his civil action within 60 days, he may ask the Appeals Council to extend his time to file for good reasons shown. It further advised that if he had any questions he could write to the SSA at an address in Clarksville that was provided to him, or call the local SSA office at the local telephone number, which was also provided.

As pointed out in the SSA's brief (Docket Entry 13, p. 3), the Appeal Council's letter of denial of review was dated April 22, 2014. The 65-day period therefore expired on June 26, 2014. Since June 26, 2014, was a Thursday and not a holiday or a time when the court was closed, the Plaintiff's complaint had to be filed with the Clerk on June 26, 2014. Unfortunately, the Plaintiff's complaint, although mailed on the 26th, was not delivered to the Clerk's office and filed until June 27th, one day late.

**LEGAL DISCUSSION**

The Magistrate Judge believes that this case is controlled by the Sixth Circuit published decision in *Cook v. Commissioner of Social Security*, 480 F.3d 432, 435-36 (6th Cir. 2007). In the *Cook* case the plaintiff's complaint was filed one day late. In that case the Plaintiff contended that the envelope in which the notice was sent was postmarked July 28th and argued that he was entitled to count his 65 days from the date the envelope was postmarked. The Court of Appeals held that under the circumstances he was not entitled to the extra day and that, despite the fact that apparently the notice of denial was not sent to his attorney, he was not entitled to equitable tolling. The Plaintiff could not produce evidence showing that the letter was actually postmarked more than five days after the date of the notice itself, or other evidence to show that he did not receive the letter within the five-day period. The Plaintiff has not responded in any way to the argument of the SSA.

The Plaintiff has simply failed to present any evidence to rebut the presumption that the notice arrived within the five days or that there were any extraordinary problems that prevented him from filing his case by June 26th.

Despite the fact that the Plaintiff has not responded to the motion, the Magistrate Judge has considered whether equitable tolling would be applicable. The Sixth Circuit, as set forth in the *Cook* case, at page 437 states that a court should consider the

following five factors in determining the appropriateness of tolling a statute of limitations:

1. The plaintiff's lack of actual notice of the filing requirement;
2. The petitioner's lack of constructive knowledge of the filing requirement;
3. Diligence in pursuing one's rights;
4. Absence of prejudice to the respondent;
5. The petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim.

In this case the Plaintiff has presented no evidence that he did not receive the notice within the five-day period. The SSA's letter clearly sets forth the requirement for filing within 65 days. The Plaintiff has shown no evidence why, although he mailed the complaint on the 65th day, he could not have physically delivered it to the Clerk's office on that date. According to the envelope, which was attached to the complaint, he deposited it with the post office at 1:08 p.m. on the 26th.

While there is absence of prejudice to the SSA, the Sixth Circuit in the *Cook* case noted that:

> Although allowing Cook to file the complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applications for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.

(*Cook* at 87).

Finally, the Plaintiff has offered no explanation why he filed the matter on the 66th day or why he did not request an extension of time from the Appeal Council as he was clearly advised he had a right to do.

While the result of this decision is harsh, the Plaintiff has simply offered no explanation whatever why he did not file his complaint within the 65 days, or why he is entitled to equitable tolling.

The Magistrate Judge can only conclude that the Commissioner is correct in his calculation of the dates and his citation of the law.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff's case be dismissed on the grounds that it is untimely and the Plaintiff has failed to show good cause for not filing within the time prescribed by law and regulations.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

6

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 11th day of February, 2015.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge